

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LESTER O. PAUGH, JR., | ) | Case No. 1:21-bk-00673 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| LESTER O. PAUGH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 1:22-ap-00006 |
| | ) | |
| RUTH E. GRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Lester O. Paugh (the "Plaintiff") seeks summary judgment on his complaint against Ruth E. Graham (the "Defendant") alleging the Defendant willfully violated the automatic stay that arose at the outset of his case. Specifically, the Plaintiff contends there are no disputed material facts regarding the Defendant's willful violation of the automatic stay when she garnished his wages post-petition. Although the Defendant, *pro se*, filed an answer and opposition to the Plaintiff's motion, she failed to contest the relevant allegations regarding the willful violation of the stay: instead, she focuses on her adversary proceeding against the Plaintiff to except her judgment from his discharge.

For the reasons stated herein, the court will grant the Plaintiff's motion for summary judgment.

I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw,* 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

II. BACKGROUND

On August 10, 2021, the Defendant obtained a $6,126 judgment against the Plaintiff in Preston County, West Virginia. Although unclear, the record before the court suggests that the Defendant did not garnish the Plaintiff's wages pre-petition. On December 29, 2021, the Plaintiff filed for relief under Chapter 7 of the Bankruptcy Code. He included the Defendant as an unsecured

creditor on Schedule E/F that he filed with his petition for relief. On December 30, 2021, the Clerk's Office issued notice of the Plaintiff's bankruptcy case. It is undisputed that the Defendant received notice in that regard, which included notice of the automatic stay. On January 26, 2022, the Plaintiff's counsel filed a Suggestion of Bankruptcy in the Circuit Court of Preston County and served a copy of the same upon the Defendant. The Plaintiff's counsel also mailed the Defendant three respective letters on January 19 and 26, 2022, and February 2, 2022, in effort to halt her ongoing garnishment by reiterating that the Plaintiff filed for bankruptcy and included her debt. Around January 30, 2022, the Plaintiff asserts that the Defendant contacted both the Plaintiff and his in-laws via Facebook Messenger demanding payment and inquiring about the Plaintiff's bankruptcy.

For the pay periods ending on January 16, 2022, January 30, 2022, February 13, 2022, February 27, 2022, and March 13, 2022, the Defendant garnished $2,173.91 from the Plaintiff's post-petition earnings. The record before the court suggests that garnishment stopped on April 15, 2022, after the Plaintiff initiated this proceeding on March 17, 2022.

### III. ANALYSIS

The Plaintiff contends he is entitled to summary judgment because he alleges the Defendant willfully violated the stay and contends that her conduct falls within the parameters of § 362(a). The Defendant does not contest the Plaintiff's complaint in that regard: rather, she asserts that her claim is nondischargeable by reiterating the substance found within her complaint filed against the Plaintiff.

The automatic stay goes into effect when a case is filed. 11 U.S.C. § 362(a). The stay of any act under subsection (a) of this section continues until the earliest of (A) the time the case is closed; (B) the time the case is dismissed; or, of relevance here, (C) if the case is a case under chapter 7 of this title concerning an individual, the time a discharge is granted or denied. 11 U.S.C. § 362(c)(2). The stay prohibits, among other things, the enforcement against the debtor or against property of the estate of a judgment obtained before the commencement of the bankruptcy case (§ 362(a)(2)), and generally prevents any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case (§ 362(a)(6)). The stay, however, is not without exceptions. See 11 U.S.C. § 362(b). For instance, it does not preclude a creditor's execution of her judgment against the debtor's non-estate property if the Bankruptcy Court previously determined the debt nondischargeable. *In re Embry*, 10 F.3d 401, 402 (6th Cir. 1993) (adopting *In re Watson,*

78 B.R. 232, 235 (9th Cir.1987)). Simply put, collection of a pre-petition claim against the debtor during the pendency of a Chapter 7, absent the Bankruptcy Court's approval, remains subject to the stay despite the characterization of the property collected as non-estate property.

Wherein a debtor asserted a creditor violated the stay, this court held that the debtor must establish that the creditor's violation was willful. *In re Moyers*, No. 05-6060, 2008 WL 5377697, at *3 (Bankr. N.D.W. Va. Dec. 22, 2008) (citing 11 U.S.C. § 362(k)). A willful violation of the automatic stay ("stay") under a Chapter 7 requires the court to make determinations: first, whether a pre-petition creditor violates the stay, including as is relevant here, by collecting non-estate property; and second, whether the stay violation was willful. A "willful" violation of the automatic stay occurs when "the creditor acts deliberately with knowledge of the bankruptcy petition." *Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773,775 (8th Cir. 1989); *Cooper v. Shaw's Express (In re Bulldog Trucking)*, No. 94-1396, 1995 U.S. App. Lexis 29645 at * 9-10 (4th Cir. Oct. 19, 1995) ("'A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, [§ 362(k)(1)] provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional.'"); *see also Citizens Bank of Md. v. Strumpf,* 37 F.3d 155, 159 (4th Cir. 1994), *rev'd on other grounds,* 516 U.S. 16 (1995); *Robb v. Nat'l Tree Co. (In re Robb),* 399 B.R. 171, 175 (Bankr. N.D.W. Va. 2008). A creditor's notice of the bankruptcy filing is the lowest threshold to such determination.

Here, it is undisputed that the Defendant violated the automatic stay when she collected upon her judgement by garnishing the Plaintiff's post-petition earnings. Notably, the Defendant's allegation that the judgment is nondischargeable does not impact the court's analysis regarding a stay violation because she did not obtain that determination before collecting upon her judgement. Rather, if the court determines the judgment to be nondischargeable, the Defendant may thereafter proceed to collect her judgement against the debtor. Therefore, the Defendant's actions to garnish her pre-petition claim absent approval by this court or a finding otherwise of nondischargeablility was a stay violation.

Similarly, the record before the court leads to the inexorable conclusion that the Defendant's violation of the automatic stay was willful. The Defendant received a minimum of six mailed notices of the Plaintiff's bankruptcy: for example, a Notice of Bankruptcy, a Suggestion of Bankruptcy, and four letters from the Plaintiff's counsel to reiterate the bankruptcy status and request she halt her ongoing garnishment. The Notice of Bankruptcy includes the following:

> The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees . . . .

(Off. Form 309A)

Also, the Suggestion of Bankruptcy included the specific language that "[Lester O. Paugh, Jr.] suggests that this [writ of execution] has been stayed by the operation of 11 U.S.C. § 362." Although this statement is recognizably less descriptive than Official Form 309A, it is nonetheless indisputable that the Defendant had knowledge of the stay.

Despite those notices and correspondence from the Plaintiff's counsel, the Defendant acted intentionally to collect upon her state court judgment by garnishing Plaintiff's post-petition earnings. On two occasions post-petition, the Defendant contacted the Plaintiff and his in-laws to inquire about the Plaintiff's bankruptcy and demand repayment. In conjunction, the Defendant garnished $2,173.91 of the Plaintiff's post-petition wages from January 16, 2022, until March 13, 2022: a total of five pay periods. The Defendant contends that a "third-party wage garnishment company" relayed that the Plaintiff was "terminated," but the record before the court is unclear. Regardless, the court supposes the garnishment ceased thereafter. In any event, the Defendant knew of the stay's persistence and deliberately failed to cease her garnishment on her own. The garnishment ultimately halted as a result of the Plaintiff's "termination" and nothing more.

Therefore, the Defendant willfully violated the automatic stay because she had knowledge of the stay but proceeded to garnish the Plaintiff's post-petition earnings to collect her pre-petition claim.

### III.   CONCLUSION

Based upon the analysis herein and consistent with Fed. R. Civ. P. 58(a), made applicable here by Fed. R. Bankr. 7058, the court will enter a separate order granting Plaintiff's motion for summary judgment as to the Defendant's liability. The court will schedule a further hearing to assess damages pursuant to 11 U.S.C. § 362(k)(1).