

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LESTER O. PAUGH, JR. | ) | Case No.: 1:21-bk-00673 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| LESTER O. PAUGH, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No.: 1:22-ap-00006 |
| | ) | |
| RUTH E. GRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

On February 6, 2023, the court granted summary judgment as to liability in favor of Lester O. Paugh, Jr. (the "Plaintiff" or "Paugh") in the above-referenced adversary proceeding and determined that Ruth E. Graham (the "Defendant") willfully violated the automatic stay that arose in the Plaintiff's Chapter 7 bankruptcy case. To assess the extent of damages available under 11 U.S.C. § 362(k)(1), the court required Plaintiff's counsel, Thomas E. McIntire ("McIntire"), to file a motion in that regard and provided the Defendant with an opportunity to respond. For the reasons set forth herein, the court concludes that the Plaintiff is entitled to an award of damages in the amount of $13,025.72.

1

## I.  BACKGROUND

On February 6, 2023, the court entered a memorandum opinion granting the Plaintiff's motion for summary judgment. It found that the Defendant willfully violated the stay under § 362(k)(1). Consistent with the court's order, in that regard a preliminary hearing was held on February 14, 2023, at which the court requested that the Plaintiff timely file a written motion for damages and provided opportunity for the Defendant to respond.

Ultimately, the Plaintiff seeks thirty-eight (38) hours billed at $375 per hour and alleges overall damages of $14,454.19 (i.e., $14,250 in reasonable attorney fees plus $204.19 in advanced costs).[1] Other than attorney fees and advanced costs, no other damages are requested. Notably, however, the Plaintiff seeks damages in his complaint of $2,173.91 for wages garnished in willful violation of the stay, as outlined in the order granting summary judgment.[2] Of relevance, the Plaintiff's attorney fee (and, in some instances, advanced cost) descriptions include ministerial work for sending affidavits; making copies; transcribing/revising a transcript; efforts in the Circuit Court of Preston County, West Virginia; matters regarding a different adversary proceeding (i.e., the Defendant's adversarial proceeding against the Plaintiff to determine nondischargeability of her claim); and efforts coupling attempted resolution(s) for this adversary proceeding and the nondischargeability proceeding filed by the Defendant in this action. In further support, the exhibits include the Plaintiff's Bankruptcy Fee Agreement which, in relevant part, contains the following "[attorney fee] of $375 per hour along with $175 per hour for all paralegal services and $50 per hour for work completed by the staff."  In response, the Defendant apologizes for her actions in willful violation of the stay but asserts that she should not have to pay any (requested) damages.[3]

---

[1] The Plaintiff's motion states he is "only request[ing] fees for reasonable hours worked in the advancement of the entire case and solely to Defendant's 362 violation."

[2] Within his complaint, the Plaintiff also asks for punitive damages. In the extant motion for damages, however, he fails to articulate such in a quantified manner: accordingly, the court will not consider punitive damages.

[3] The Defendant requests that she "receive[] the full amount owed to [her] before mandated to give [the Plaintiff] and his attorney funds if any." Although the court recognizes that the Defendant is pro se, the court cannot provide legal advice, for example, regarding the execution of her nondischargeable judgment. *Graham v. Paugh (In re Paugh)*, No. 1:21-BK-00673 (1:22-ap-00008), 2023 WL 1786575 (Bankr. N.D.W. Va. Feb. 6, 2023).

## II.   ANALYSIS

The Plaintiff seeks $14,250 in attorney's fees incurred in connection with the filing and prosecution of his § 362(k)(1) claim. Additionally, his complaint alleged $2,173.91 for garnished wages in willful violation of the stay. In support of the fee request, the Plaintiff provides contemporaneous time records that show the total expenditure of thirty-eight (38) hours compensated at his customary hourly rate of $375. Additionally, he requests $204.19 in advanced costs. In reply, the Defendant asserts she should not have to pay damages despite the court's determination that she willfully violated the stay.

Section 362(k)(1) provides, in relevant part, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). The lodestar method (which defines reasonable hours expended times a reasonable rate) is "appropriate to employ . . . to determine a reasonable fee award for successfully prosecuting a § 362(k) claim." *In re Imperial Petroleum Recovery Corp.*, No. 13-30466, 2021 WL 3668382, at *5 (Bankr. S.D. Tex. Aug. 18, 2021), *aff'd*, No. AP 14-03375, 2022 WL 2806456 (S.D. Tex. July 18, 2022). In fact, "[c]ourts frequently apply the standards used in determining the reasonableness of compensation under § 330 in determining what fees and costs are reasonable and necessary in the prosecution of a § 362(k) cause of action . . . ." *In re Voll*, 512 B.R. 132, 141 (Bankr. N.D.N.Y. 2014).[4] Discretion remains with the court to eliminate unrelated or excessive fees. *See, e.g., America's Servicing Co. v. Schwartz–Tallard (In re Schwartz–Tallard),* 803 F.3d 1095, 1101 (9th Cir. 2015) (en banc) (holding that "[o]nly an award of fees reasonably incurred is mandated by the statute; courts awarding fees under § 362(k) thus retain the discretion to eliminate unnecessary or

---

[4] Regarding a § 362(k) cause of action, numerous courts implement the lodestar method. *See, e.g., In re Charity*, No. 16-31974-KLP, 2017 WL 3580173, at *26 (Bankr. E.D. Va. Aug. 15, 2017) (asserting that § 362(k)(1) allows attorney's fees but only to the extent it is reasonable and necessary and implemented the lodestar and *Johnson* factors); *In re Burns*, 503 B.R. 666, 676 (Bankr. S.D. Miss. 2013) (same); *see also*, *In re Horne*, 876 F.3d 1076, 1084 (11th Cir. 2017) ("An award of attorneys' fees [under § 362(k)] is governed by a reasonableness standard using the lodestar approach."); *Lopez v. Consejo de Titulares del Condominio Carolina Court Apts. (In re Lopez),* 405 B.R. 24, 33 (B.A.P. 1st Cir. 2009) (concluding that the lodestar formula is a "critical first step to an assessment of attorney's fees under §§ 330 and 362[(k)] of the Bankruptcy Code.").

3

plainly excessive fees. Sound exercise of this discretion ... provide[s] a sufficient check on any abuses that might otherwise arise.").

The Fourth Circuit endorses a three-part standard for use in calculating attorney's fees under the lodestar approach:

> [f]irst, the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[5] Next, the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones. Finally, the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.

*In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 27 F.4th 291, 303 (4th Cir. 2022) (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). The "twelve-factor analysis of [*Johnson*] is appropriate to determine attorney[] fee awards in bankruptcy[,]" *Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985), and "[it is] properly employed in the determination of a reasonable attorney's fee under 11 U.S.C. § 330[.]" *Harman v. Levin*, 772 F.2d at 1151; *see also*, 11 U.S.C. § 330(a)(2) ("the court may, on its own motion . . . award compensation that is less than the amount of compensation that is requested."). Therefore,

---

[5] The Fourth Circuit adopted the *Johnson* factors reiterating that

> [i]n deciding what constitutes a "reasonable" number of hours and rate, we have instructed that a district court's discretion should be guided by the following factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fee awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978), *cert. denied,* 439 U.S. 934 (1978) (adopting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) *overruled on other grounds* by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

the court's review of attorney compensation under § 362(k)(1) similarly parallels its review under § 330. 11 U.S.C. §§ 362(k)(1), 330.

Having determined that a willful violation of the stay occurred, and that the Plaintiff was injured, the court evaluates the presented actual damages regarding the requested attorney's fees and advanced costs. The plain language of § 362(k)(1) expressly states that attorney's fees are actual damages. *See also*, *In re Repine*, 536 F.3d 512, 522 (5th Cir. 2008) ("[I]t is proper to award attorney's fees that were incurred prosecuting a section 362(k) claim."); *In re Duby*, 451 B.R. 664 (B.A.P. 1st Cir. 2011), *aff'd*, No. 11-9006, 2012 WL 12552111 (1st Cir. Apr. 17, 2012) (holding that attorneys' fees incurred as a result of pursuing an automatic stay violation action are recoverable under § 362(k)(1)). Considering the lodestar method, the court concludes that $375 is a reasonable hourly rate for McIntire[6] based upon the following:

- The pertinent issue presented in this adversary proceeding was neither novel nor complex: the complaint asserted a cause of action under Section 362;
- No unusual skill was required to prosecute the Plaintiff's adversary proceeding. The motion did not provide damages of lost opportunity costs because of pursuing this adversary proceeding;
- McIntire's expectation at the outset of the litigation was to halt the Defendant's conduct that was ultimately determined in willful violation of the stay;
- Additionally, the court is aware of the McIntire's efforts to settle the matter. Because of the circumstances, the court finds he adequately proceeded in accordance with this court's orders throughout the pendency of the case;
- There was no showing that there were any time limitations imposed by Paugh or that circumstances compelled higher than average fees in connection with this adversary proceeding;
- McIntire has practiced bankruptcy for many years in this district;

---

[6] The court is aware of counsel for the Plaintiff's qualifications and of the prevailing rates for attorneys regularly practicing before this court with comparable experience. Therefore, the court finds no reason to reduce the $375 hourly rate.

5

- There was no evidence indicating that the pertinent issue involved in this adversary proceeding as undesirable within the bankruptcy bar of the Northern District of West Virginia;
- The extent of McIntire's relationship with Paugh appears limited to the course of his Chapter 7 case and this adversary proceeding.

Nonetheless, the court will exercise its discretion to eliminate unrelated or excessive fees under § 362(k). *In re Schwartz–Tallard*, 803 F.3d 1095. Specifically, the court will reduce or eliminate amounts that specifically include work which a paralegal or office secretary typically performs; efforts coupling attempted resolution(s) for the above-adversary proceeding and a different adversary proceeding; efforts involving the Circuit Court of Preston County; and matters regarding a different adversary proceeding.

In that regard, the court finds the following fees and costs unrelated, thus, not compensable: efforts involving the Circuit Court of Preston County and matters regarding a different adversary proceeding. Specifically, the entries with the following descriptions and related times[7]:

| 03/21/22 | prepare affidavit in support of TRO for Paugh's signature | 0.1 |
|---|---|---|
| 03/31/22 | prepared Paugh's motion for temporary restraining order and preliminary injunction to be filed in the Circuit Court of Preston County, West Virginia, in an attempt to stop the wage garnishment | 1.5 |
| 06/07/22 | received notice from the Circuit Court of Preston County of the hearing regarding the injunction to stop Ruth Graham's garnishment of wages | 0.3 |
| 06/08/22 | preparation of memo in support of motion for dismissal of temporary restraining order and preliminary injunction | 1.5 |
| 06/09/22 | motion for dismissal of temporary restraining order and preliminary injunction, memo in support and proposed order on motion for dismissal of temporary restraining order and preliminary injunction mailed to Ruth Graham and letter to clerk and fax to clerk for filing | 0.5 |
| 06/10/22 | review of order on motion for dismissal of temporary restraining order and preliminary injunction signed by Judge Shaffer | 0.3 |

---

[7] McIntire's billable time was displayed at one-tenth of an hour. All references herein shall accordingly mimic.

The attempts made within state court were unrelated to this proceeding and thus not compensable damages under § 362(k)(1). To be clear, the above-captioned adversary proceeding stopped the garnishment. In granting summary judgement in favor of the Plaintiff, the record before the court reflects that garnishment stopped on April 15, 2022, after the Plaintiff initiated this proceeding on March 17, 2022. *Paugh v. Graham (In re Paugh)*, No. 1:21-BK-00673, 2023 WL 1787902, at *2 (Bankr. N.D.W. Va. Feb. 6, 2023). Therefore, the Plaintiff's activity in state court was unrelated and/or tangential to this action in stopping the garnishment. In this regard, the court **eliminates 4.2 hours of attorney fees**.

Although McIntire asserted that his attorney fee requests solely regarded the prosecution under § 362, the court identifies two entries that in fact relate to a different adversary proceeding (*Graham v. Paugh (In re Paugh)*, No. 1:21-BK-00673 (1:22-ap-00008), 2023 WL 1786575 (Bankr. N.D.W. Va. Feb. 6, 2023)). Therefore, the following entries are not compensable:

| 08/17/22 | email court scheduling pretrial conference for 8/30/22 | 0.2 |
| 08/30/22 | review of order from judge regarding discovery and witness list deadlines | 0.3 |

In this regard, the court **eliminates 0.5 hours of attorney fees.** Several advanced costs are eliminated for the proscribed reasoning above, specifically:

| 04/04/22 | the Circuit Court of Preston County Clerk, file temporary restraining order | $2.56 |
| 04/20/22 | the Circuit Court of Preston County Clerk –copies | $8.00 |
| 06/09/22 | mailing to Ruth Graham, motion for dismissal of temporary restraining order and preliminary injunction, memo in support and proposed order | $1.56 |

Accordingly, **$12.12 is reduced from** McIntire's **advanced costs**.

Additionally, the court finds the following fees and costs excessive, thus, the total time presented is reduced to either the paralegal rate or the associated overall time is halved: work that which a paralegal or office secretary typically performs (e.g., sending affidavits; making copies; transcribing/revising a transcript); efforts coupling attempted resolution(s) for the above-adversary proceeding and a different adversary proceeding. The following entries were billed at the attorney

rate of $375, however, the court finds it appropriate to bill at $175, the paralegal rate, because of the work performed:

| 03/31/22 | send affidavit to Paugh for signature and to be notarize | 0.2 |
| --- | --- | --- |
| 04/07/22 | make two copies of the complaint and exhibits and serve by certified mail and regular mail | 0.2 |
| 08/15/22 | transcribe hearing from May 28, 2022[8] | 3.0 |
| 08/16/22 | revisions to transcript | 0.3 |

In this regard, the court **reduces 3.7 hours from the overall requested hours** but applies the paralegal rate (i.e., 3.7 hours at $175/hour, or $647.50).

The court is aware of the involvement between the above-captioned adversary proceeding and a different adversary proceeding, for example, the coterminous attempts to resolve through mediation and/or settlement overall. The court, in this regard, reduces the time spent for conjunctive resolution effort by half. Specifically:

| 08/08/22 | draft stipulation of dismissal that all matters in controversy between the parties have been fully settled and jointly move the court to dismiss this civil action with prejudice | 0.5 |
| --- | --- | --- |
| 08/09/22 | revise stipulation of dismissal and sent stipulation to Ruth Graham | 0.2 |
| 08/10/22 | preparation of mediation statement with exhibits, telephone conference with Circuit Court of Preston County, telephone conference with bankruptcy court | 3.8 |
| 08/10/22 | email to and from Amanda Recchio—US Courts audio file | 0.3 |
| 08/15/22 | email to Johanna at Judge Mazzone's office sending Exhibit 1 | 0.1 |
| 08/15/22 | email from Johanna requesting mediation statement | 0.1 |
| 08/16/22 | mediation with Judge Mazzone | 0.5 |
| 08/17/22 | review mediation report submitted by Judge Mazzone | 0.3 |

---

[8] After close review of the docket, the court concludes that the Plaintiff misquoted the date of the hearing: the hearing in question was dated June 28, 2022.

As such, the court halves the time affiliated with these named efforts and **reduces the overall attorney fees by 2.9 hours** (i.e., half of 5.8 hours).

For consistency, albeit minuscule, the court reduces the advanced cost in half, namely:

| 08/09/22 | letter and stipulation for dismissal to Ruth Graham | $0.53 |

Accordingly, **$0.26 is reduced from** McIntire's **advanced costs.**

### III.   CONCLUSION

The court concludes 26.7 hours of attorney fees (at $375/hour, or $10,012.50), 3.7 hours of paralegal fees (at $175/hour, or $647.50), $2,173.91 for wages garnished in willful violation of the stay, and $191.81 in advanced costs for an overall total of $13,025.72.

For the reasons set forth above, the court finds that the Plaintiff should be awarded $13,025.72 in damages under § 362(k)(1). An order consist with this opinion shall be separately entered contemporaneously herewith.